R. Robertson KENNER,
Plaintiff-Appellant,

v.

Joe C. MORRIS, Ray Blanton, William Leech, Jr., Marita T. Kenner, Defendants-Appellees.

No. 77–1195.

United States Court of Appeals, Sixth Circuit.

March 27, 1979.

---

4. *See* note 3, *supra.*

Maurice R. Franks, Pueblo, Colo., for plaintiff-appellant.

Brooks McLemore, Jr., Atty. Gen. of Tennessee, William C. Koch, Jr., Nashville, Tenn., Thomas H. Rainey, Menzies, Rainey & Kizer, Jackson, Tenn., C. Hayes Cooney, Chief Deputy Atty. Gen. of Tennessee, Nashville, Tenn., for defendants-appellees.

Before EDWARDS, Chief Judge, and KEITH and MERRITT, Circuit Judges.

PER CURIAM:

This case presents a direct constitutional attack on Tennessee Code Annotated §§ 36–820, 821, which provides that husbands, but not wives, are liable for alimony and child support payments.

These proceedings are related to a domestic relations dispute between Dr. R. Robertson Kenner and his estranged wife, Marita T. Kenner. The two were married in 1960. On February 7, 1975, Mrs. Kenner filed a complaint for absolute divorce. Mrs. Kenner also filed a Petition for Alimony Payments *pendente lite*, seeking support for herself and the couple's four minor children. Dr. Kenner, a psychiatrist, did not seek or try to establish a right to support or alimony for himself.

In March of 1976, the Tennessee state trial court ordered Dr. Kenner to pay $2,000 per month alimony and support to his wife. He petitioned for reconsideration and/or reduction and his wife filed a petition for contempt, claiming that Dr. Kenner was not making the court-ordered payments.

In the meanwhile, Dr. Kenner filed an action on April 12, 1976, in the United States District Court for the Western District of Tennessee, seeking declaratory and injunctive relief, alleging that the state alimony statutes involved were sex-discriminatory.

Since this action was filed before Congress passed Public Law 94–381, curtailing the jurisdiction of three-judge district courts, a three-judge court was convened, composed of Chief Circuit Judge Harry Phillips and District Judges Bailey Brown and Harry Wellford. The three-judge court dismissed Dr. Kenner's action in February of 1977 on two grounds: 1) because Dr. Kenner had no standing, since he did not seek alimony or support for himself, and 2) because, since a viable forum for plaintiff's claims existed in the state courts, the federal court should abstain from interference with a pending state court proceeding, especially since there were unsettled issues of state law involved. Thus, the three-judge court did not reach the merits of the argument raised.

After we heard oral argument in this case, the Supreme Court decided a case which presented sex discrimination and standing questions identical to those raised here. *Orr v. Orr*, —— U.S. ——, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). In *Orr*, the

Court concluded that the petitioner had standing even though he had never asked for alimony for himself. Reaching the merits, the Court ruled that to allow alimony to wives only constituted sex discrimination in violation of the 14th Amendment.

 The Court's decision in *Orr* unquestionably dooms the Tennessee statutes here in question. We have no doubt that the Tennessee courts will faithfully apply the Court's ruling.[1] At the same time, we think that the district court's judgment should be affirmed. *Orr* was a direct appeal to the Supreme Court from Alabama's appellate courts. In this case, plaintiff has chosen to by-pass the Tennessee state courts and bring a separate federal action.

 The Supreme Court has never extended the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) to all civil cases. *See*, e. g. *Huffman, supra* at 607, 95 S.Ct. 1200. However, the principal of comity, which underlies the abstention doctrine is fully applicable here. As in *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), plaintiff "had an opportunity to present (his) federal claims in the state proceedings." *Id.* at 337, 97 S.Ct. at 1218. We think, on the facts of this case, that the district court acted properly in declining to interfere in a pending domestic relations matter in state court where plaintiff Dr. Kenner had (and has) ample opportunity to assert the constitutional invalidity of the Tennessee alimony and support statute in question. *See also Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Lamb Enterprises v. Kiroff*, 549 F.2d 1052 (6th Cir. 1977).

The judgment of the district court is affirmed.

---

1. This does not necessarily mean that plaintiff will escape making support payments. *See Orr v. Orr*, —— U.S. ——, ——, 99 S.Ct. 1102, 59 L.Ed.2d 306.