876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. KIRKPATRICK, Plaintiff-Appellant,
v.
Michael A. RUMER, Judge; Robert M. Light, Judge; Richard
E. Cheney, Referee; Daniel S. Cade, Asst. Cty.
Pros., Defendants-Appellees.
 No. 88-3983.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Kirkpatrick appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kirkpatrick sought monetary and injunctive relief against the defendants, judicial officers of the Allen County Court of Common Pleas, claiming that they violated his rights to due process and equal protection when they held him in contempt and ordered the attachment of his wages for child support arrearage.
 
 
 3
 Upon consideration, we affirm the district court's judgment. The defendants were acting in their judicial or quasi-judicial capacities performing their official functions when they allegedly violated Kirkpatrick's rights. As such, they are absolutely immune from liability from damages under Sec. 1983. See Westfall v. Erwin, 108 S.Ct. 580, 584 (1988); Imbler v. Pachtman, 424 U.S. 409, 430 (1976).
 
 
 4
 Furthermore, injunctive relief was properly denied in this case. This matter is clearly a domestic relations case which involves an on-going proceeding, Kirkpatrick's wage attachment. Federal courts should not interfere in state court proceedings, particularly domestic relations cases when the plaintiff has an adequate state remedy. See generally Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir.1981); Kenner v. Morris, 600 F.2d 22, 24 (6th Cir.1979). Kirkpatrick has an adequate state remedy, appellate review.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.